## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**KRISTA VIGIL,**

      **Plaintiff,**

**v.**                                                   **No. 20-cv-0632 JHR**

**KILOLO KIJAKAZI,**
**Commissioner of Social Security,**

      **Defendant.**

### ORDER GRANTING ATTORNEY FEES
### PURSUANT TO 42 U.S.C. § 406(B)

This matter comes before the Court on Plaintiff's Motion for Attorney's Fees Pursuant to 42 U.S.C. 406(B) [Doc. 33], filed March 8, 2023. Plaintiff conferred with the Commissioner as required by the Court's local rules and the Commissioner takes no position on the Motion. *See id.* at 6. The Court has independently reviewed Plaintiff's Motion and agrees that it should be granted.

Plaintiff filed an action in this Court seeking judicial review of Defendant's denial of her application for Social Security benefits on June 30, 2020. *See* [Doc. 1]. After briefing was complete, Judge Garza granted Plaintiff's Motion to Remand. *See* [Doc. 29]. Judge Garza then granted Plaintiff's Motion for Attorney Fees and Costs Pursuant to the Equal Access to Justice Act ("EAJA"), awarding fees in the amount of $5,616.00. [Doc. 32]. Plaintiff then obtained a fully favorable decision before the Administration on remand. *See* [Doc. 33-1]. The Administration, however, withheld twenty-five percent of those benefits, $16,652.00, in the event that Plaintiff's

counsel would elect to bring a claim for attorney fees pursuant to the retainer agreement, which it approved. *See* [Docs. 33-2, p. 6; 33-3]. Plaintiff's counsel now seeks authorization from this Court for an award of compensation for legal services in the amount withheld ($16,652.00). [Doc. 33, p. 6].

When a court renders a judgment favorable to a Social Security claimant who was represented before the court by an attorney, the court may allow "a reasonable fee for such representation, not in excess of twenty-five percent (25%) of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b)(1)(A). Unlike EAJA fees, which are paid in addition to past-due benefits, § 406(b) fees are paid out of past-due benefits. *Wrenn ex rel. Wrenn v. Astrue*, 525 F.3d 931, 933-34 (10th Cir. 2008). If fees are awarded under both EAJA and Section 406(b), the attorney must refund the lesser award to the claimant. *Id.* The court may award fees under Section 406(b) when "the court remands . . . a case for further proceedings and the Commissioner ultimately determines that the claimant is entitled to an award of past-due benefits." *McGraw v. Barnhart*, 450 F.3d 493-96 (10th Cir. 2006).

Although Section 406(b) does not prohibit contingency fee agreements, it renders them unenforceable to the extent they provide for fees exceeding twenty-five percent (25%) of the past-due benefits. *Gisbrecht v. Barnhart*, 535 U.S. 798, 807 (2002). Section 406(b) also requires the court to act as "an independent check" to ensure that fees are reasonable even if they are less than twenty-five percent (25%) of the past-due benefits because there is no presumption that twenty-five percent (25%) is reasonable. *Id.* at 807 n.17. Counsel has the burden of demonstrating the reasonableness of the fees. *Id.* at 807. The reasonableness determination is "based on the character of the representation and the results the representative achieved." *Id.* at 808. Factors relevant to the reasonableness of the fee request include: (1) whether the attorney's representation was

2

substandard; (2) whether the attorney was responsible for any delay in resolution of the case; and (3) whether the contingency fee is disproportionately large in comparison to the amount of time spent on the case. *Id.* A court may require the claimant's attorney to submit a record of the hours spent representing the claimant and a statement of the lawyer's normal billing rate for non-contingency fee cases. *Id.*  The statute does not specify a deadline for requesting fees. *See* 42 U.S.C. § 406(b). The Tenth Circuit, however, has held that a request "should be filed within a reasonable time of the Commissioner's decision awarding benefits." *McGraw*, 450 F.3d at 505.

In this case, the Court finds that Benjamin Decker's legal representation of Plaintiff was more than adequate, and he obtained a fully favorable decision. Counsel did not delay the proceedings before this Court. The instant Motion was filed within a reasonable time after Plaintiff received notice of entitlement to past-due benefits. Although the requested fees ($16,652.00) appear on high end, the Court finds that the amount of time (27 hours) spent on the case is proportionate to that amount permitted by the retain agreement.  The requested attorney fees would still be in line with other fee awards authorized in this District under 406(b). *See Key v. Saul*, No. CV 17-386 KWR/GBW, 2020 WL 7090535, at *2 (D.N.M. Dec. 4, 2020), *report and recommendation adopted,* No. 17-CV-00386-KWR-GBW, 2021 WL 39664 (D.N.M. Jan. 4, 2021) (citing *Kelley v. Saul*, 2020 WL 3893055, at *3 (D.N.M. July 10, 2020) (unpublished) (awarding $33,820.90 for 31.5 hours); *Baca v. Saul*, 2020 WL 871547, at *2–3 (D.N.M. Feb. 21, 2020) (unpublished) (awarding $24,906.00 for 24.3 hours); *Valdez v. Saul*, 2019 WL 4451127, at *2 (D.N.M. Sept. 17, 2019) (unpublished) (awarding $22,497.13 for 28.6 hours)). Having performed its "independent check" duties, the Court finds the requested award to be both appropriate and reasonable.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for attorney fees under Section 406(b) is **GRANTED**. The court hereby authorizes $16,652.00 in attorney fees for legal services rendered in this United States District Court, to be paid by the Social Security Administration. Plaintiff's counsel will then reimburse Plaintiff the EAJA fee award of $5,616.00.

**IT IS SO ORDERED.**

JERRY H. RITTER
U.S. MAGISTRATE JUDGE